JUAN DE JESÚS MARTÍNEZ, Plaintiff and Appellant, *v.* SINGER SEWING MACHINE COMPANY, Defendant and Appellee.

No. 5861. Argued March 16, 1934.—Decided May 24, 1934.

*Tous Soto & Zapater* and *L. Tormes García* for appellant.   *F. Colón Díaz* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an action for damages brought against the Singer Sewing Machine Company by Juan de Jesús Martínez who, on December 16, 1929, suffered an accident which he attributes to the negligence of an employee of the defendant. The complaint alleges that at about nine o'clock in the morning of the said date, Juan de Jesús Martínez was walking carefully on the right-hand side of the insular highway that leads from Ponce to Guayama, and that at the moment he was passing the house of Juan Laboy, located in the ward of Sabanetas, in the Municipality of Ponce, the plaintiff was struck by a car belonging to the defendant, which was being driven at the time by its employee, Ramón Ruiz Vélez; and that as a consequence of the impact of the said vehicle against the plaintiff, he was thrown violently to the ground, suffering injuries which fractured his right leg, and his right hand at the joint between the arm and the wrist.  It is also alleged that, when the accident occurred, Ramón Ruiz Vélez was working for the benefit of the defendant as its employee, and that said accident was due solely and exclusively to the negligence of the said Ramón Ruiz Vélez, who was traveling at a speed of more than thirty miles an hour, in a populated district where there is a school attended by more than 200 children, without paying attention to the signs posted at said place which warned motor-vehicle drivers to reduce their speed.  Ramón Ruiz Vélez, it is alleged, did not blow a horn or any warning instrument to caution the pedestrians on the road.

. The defendant alleges that Ramón Ruiz Vélez was traveling on the right side of the highway which leads from Ponce to Santa Isabel, at low speed, and that when he reached the house of Mr. Laboy at Kilometer 97, Hectometer 6 of the said highway, which is a straightaway, the plaintiff came out of the yard of the said house, and, paying no attention to the horn blown at him by the said Ramón Ruiz Vélez, threw himself against the car, falling on the bumper from which he was removed by Mr. Vélez and taken to the Santo Asilo de Damas Hospital in Ponce. The accident, according to the defendant, was due solely and exclusively to the negligence and carelessness of the plaintiff who, while crossing the highway, was looking at an aeroplane which was passing over that place.

The defendant sets up the defense of having been released from all liability by the plaintiff in a document signed before a notary, in consideration of the payment of the sum of $60. The defendant also paid for the medical services and hospital expenses of the plaintiff. The defendant maintains that any action which the plaintiff might have against the defendant was thereby settled, and that the compromise made partakes of the nature of *res judicata.*

The complaint was dismissed by the lower court, to which the error is ascribed of having held that Ramón Ruiz Vélez was not negligent in his handling of the car that he was driving. The findings of the lower court are stated in the following paragraph:

"The court, after having weighed all of the evidence presented, is of the opinion that, although the plaintiff has proved that he suffered the accident described in the complaint, the evidence does not show that the chauffeur of the defendant Singer Sewing Machine Company was solely responsible for the accident, but that, admitting that the said chauffeur, named Vélez, was driving the automobile and at the same time negligently looking at the aeroplane which was passing over that place at the time, as one of the witnesses for the plaintiff testified, it was also proved that the plaintiff, likewise, was crossing the highway in a negligent manner, looking at the airplane

and failing to notice that the automobile of the defendant was approaching on the highway. That is to say, in the opinion of the court, the contributory negligence of the plaintiff has been proved, since the evidence showed that the chauffeur did all that he could to prevent the accident, since he used the brakes, swerved the car toward the left, and stopped it in the ditch on the left side, making all of these maneuvers for the purpose of avoiding striking the plaintiff, and managing thereby not to run over him but to strike him on the side and knock him down, the plaintiff falling on his right side and fracturing his right leg and dislocating his right hand.''

The error assigned is not apparent from the words of the lower court, which does not completely exonerate the chauffeur, Ramón Ruiz Vélez, from blame, inasmuch as it says that the evidence does not show that he was solely responsible for the accident, and finds that Juan de Jesús Martínez was guilty of contributory negligence. This conclusion necessarily implies that the chauffeur was also guilty of some negligence. Where an accident has occurred through the exclusive negligence of one of the parties, there can be no contributory negligence. In order for the latter to exist, it is necessary that both parties contribute in some way to the accident. The words of the court show that the fundamental reason for the decision was the contributory negligence of the plaintiff. It is not charged that the lower court erred in making this finding. The plaintiff merely states that the trial court erred in finding that the chauffeur Ramón Ruiz Vélez was not negligent, and it has been shown that such was not the finding of fact which served as the basis for the decision. It is only at the close of his brief that the plaintiff argues that the case of *Maldonado* v. *Hamilton,* 32 P.R.R. 208, cited by the lower court in support of its conclusion that the plaintiff contributed to the accident, is not applicable to the questions discussed here. The appellant apparently assumes that the accident in this case could have been avoided, and that therefore the contributory negligence of the plaintiff does not prevent him from recover-

ing the damages he may have suffered. It cannot be said that the lower court was mistaken in stating that the chauffeur did everything possible to avoid the accident. The evidence presented does not support the conclusion that the accident could have been avoided.

It has not been shown that the lower court, in weighing the evidence, has been moved by passion or prejudice, or that it has committed manifest error. As to the negligence of the chauffeur who was driving the car when the accident occurred, a witness who had been an employee of the defendant states that the said chauffeur was looking at an aeroplane which was passing over the car. The chauffeur says that the plane was passing in front of the car. It is not easy for a person who is driving an automobile to look at a plane which passes above him. If the chauffeur was in fact looking, the version that the plane was passing in front of the car is more credible.

The second error assigned is that the lower court, in weighing the evidence, did not specify in its opinion its reasons for not believing the witnesses for the plaintiff, thereby infringing the provisions of Act No. 25 of July 1925 (Session Laws, p. 178), amending section 227 of the Code of Civil Procedure. The said section provides:

"At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence, a written opinion which shall be attached thereto, wherein he shall state separately and briefly the facts he considers proved and his juridic reasons for his decision. When the findings of fact are based on conflicting evidence the judge shall state the reasons he may have had for deciding the conflict as he did; and, in case of appeal, the Supreme Court shall weigh said evidence and determine if the findings were warranted or not."

Nowhere in the above section is it stated that the judge is obliged to set forth his reasons for not believing a witness, and, even though the words of the law could be inter-

preted in that sense, the error, if any, would not be sufficient to bring about a reversal of the judgment.

Lastly, it is urged that the judgment was contrary to the evidence and the law. The appellant discusses the compromise which, according to the defendant, is *res judicata,* and argues that the said compromise is null and void according to the provisions of section 1716 of the Civil Code, 1930 ed., because it is inadequate and it involved deceit and a mistake of fact. It was proved that on the same day on which the accident occurred, the plaintiff signed a document which the manager of the claims department of the Maryland Casualty Company, Sabino Valdés, made, according to his own words, on a typewriter in the Asilo de Damas, taking it to the plaintiff to whom he read it in full. Since he was dealing with a person who did not know how to write, Mr. Valdés thought it wise to execute it before a notary, and the document was signed with this formality. The defendant Singer Sewing Machine Company is insured with the Maryland Casualty Company. In this document the plaintiff, in consideration of the sum of $60, releases the defendant and Ramón Ruiz Vélez from all liability for the damages which he might have suffered as a consequence of the accident which occurred on December 16, 1929. Acts of this nature, performed immediately after an accident has been suffered, with a needy person who is not advised by an attorney, should be closely scrutinized in order to prevent a party from obtaining an advantage from its fraudulent or illegal conduct and thus avoiding its liability (*Owens* v. *Norwood White Coal Co.,* 138 N.W. 491); but in this case it is not necessary that we stop to examine the legal effect of this compromise in view of the findings made by the lower court and the questions raised by the appellant.

The judgment appealed from must be affirmed.